J-S41029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNA BERENIKE WILSON JANISCH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HALEH JENNIFER WILSON JANISCH | : | |
| | : | |
| Appellant | : | No. 2063 EDA 2025 |

Appeal from the Order Entered July 2, 2025
In the Court of Common Pleas of Chester County Civil Division at No(s):
2025-00292-CU

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                **FILED DECEMBER 12, 2025**

Haleh Jennifer Wilson Janisch appeals from the order entered by the Chester County Court of Common Pleas denying her petition for relocation. On appeal, Haleh argues that the trial court applied the incorrect standard in evaluating the relocation and custody factors of the Child Custody Act.[1]  As we conclude that the trial court applied the appropriate standard in making its decision and discern no abuse of discretion in the trial court's denial of the relocation petition, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  23 Pa.C.S. §§ 5321-5340.

Plaintiff, Anna Berenike Wilson Janisch (hereinafter "Anna") and defendant, Haleh Jennifer Wilson Janisch (hereinafter "Haleh") share one minor child – L.G.J, born [June 2021] (hereinafter "the child" and/or "L.G.J."). Haleh is the child's biological mother and Anna is the child's adoptive mother. The parties separated in December 2023 and filed for divorce shortly thereafter.

On January 3, 2025, Haleh informed Anna of her intent to relocate to Massachusetts. Anna then filed her custody complaint on January 15, 2025, and subsequently filed her motion to prevent relocation on February 26, 2025. On March 25, 2025[,] an interim order was entered, granting the parties shared legal custody of [L.G.J.], with Haleh receiving primary physical custody. Anna receives one overnight visit per week, and daily visitation with the child after school. Anna's custodial periods were to be supervised and she was ordered to use Soberlink prior to visiting with the child, [as a result of Anna's issues with alcoholism, for which she is currently receiving treatment].

Following the entry of the March 25 interim order, Haleh refiled her notice of proposed relocation on April 2, 2025, in addition to filing her answer to Anna's motion to prevent relocation. A hearing was conducted on June 9 and 10, 2025, including testimony from Haleh, Haleh's sister – Mary Simon, Haleh's parents – James and Jennifer Wilson, a mutually known family friend – Lauren Adams, Anna's mother – Andrea Janisch, Anna's friend and coworker – Paula Toburen, and Anna's employer – Emma Brune.

Trial Court Opinion, 7/2/2025, at 2 (unnumbered, formatting modified).

On July 2, 2025, the trial court entered an order and opinion denying Haleh's petition for relocation and setting forth its analysis of the relocation and custody factors of the Child Custody Act. *See id.* at 3-14. On July 31, 2025, Haleh timely appealed to this Court and contemporaneously filed her statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925.

- 2 -

On August 18, 2025, this Court entered an order directing Haleh to show cause as to the finality and appealability of the July 2, 2025 order because the only order on the trial court docket as to Anna's petition for custody was the March 25, 2025 interim custody order. **See** Order, 8/18/2025. In response, Haleh asserted that, following the order denying relocation, there is nothing pending before the trial court, including "no pending dates, filed modifications[,] or custody petitions." Response to Rule to Show Cause, 8/27/2025, ¶¶ 7-11. Haleh also indicated that it was her "understanding that upon informal request to [c]hambers, the [trial court] declined to issue any further orders in this case after the issuance of the July 2, 2025 [relocation] order." **Id.** at n.1. Anna did not file a response. Thus, on September 2, 2025, this Court discharged the rule to show cause. **See** Order, 9/2/2025. On October 1, 2025, however, Anna filed an application to dismiss the appeal reraising the same issue this Court raised in its August 18, 2025 show cause order. **See** Application to Dismiss, 10/1/2025. This Court subsequently denied the application to dismiss without prejudice for Anna to raise the issue in her appellate brief. **See** Order, 11/3/2025.

Our review of the record and the parties' briefs supports Haleh's argument that the trial court does not have any intention of issuing further orders in this case unless one of the parties initiates an additional action. As there is currently a custody order in place, and the trial court's order denying Haleh's petition to relocate represents the final resolution of that issue, we

decline to quash Haleh's appeal. *Cf. S.S. v. T.J.*, 212 A.3d 1026, 1034 (Pa. Super. 2019) (declining to address a trial court's prior grant of relocation in an appeal from a later filed petition for custody modification, explaining that "a party may not use an appeal from the disposition of a petition for modification of custody as a substitute for an appeal from an underlying order for the purpose of relitigating matters pertaining to the underlying order[;] in order to challenge a relocation order, the party must take a timely appeal from the order"); *see also Ketterer v. Seifert*, 902 A.2d 533, 535-42 (Pa. Super. 2006) (addressing an appeal from the denial of a petition to relocate where only a temporary custody order was in place at the time of the order denying relocation). We now turn our attention to the merits of Haleh's appeal.

Haleh presents the following issues for review:

1. The trial court erred and/or abused its discretion by determining that the testimony presented by [Haleh] "did not demonstrate any compelling reason for her to relocate," that [she] "did not demonstrate to [the court] a compelling reason for relocation beyond close family ties which can provider her housing and childcare assistance," and that "there was no compelling argument advanced to support relocation"; the standard in relocation cases is whether the relocation is in the best interest of the child, not whether the relocating party presents compelling testimony or argument.

2. The trial court erred and/or abused its discretion in failing to enter an order requiring the parties to attend coparent counseling.

Haleh's Brief at 5.

The relevant scope and standard of review is as follows:

- 4 -

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*White v. Malecki*, 296 A.3d 1210, 1213 (Pa. Super. 2023) (citation omitted).

In her first issue, Haleh argues that the court applied the incorrect standard for evaluating relocation petitions, as the Child Custody Act only requires the party seeking relocation to show that relocation is in the child's best interest by a preponderance of the evidence. Haleh's Brief at 16-18. According to Haleh, the trial court instead utilized a "compelling evidence" standard, which was error. *Id.* at 16. She further contends that "the record is clear that the evidence presented at trial showed that Haleh met her burden by a preponderance of the evidence that the relocation would be in the child's best interest[,]" as she has been the child's primary caregiver since birth, and because of concerns related to Anna's sobriety, she is "the more stable and consistent parent and more capable of attending to the child's daily physical, emotional, and special needs." *Id.* at 18-19.

As with all custody-related matters, this Court's "paramount concern is the best interest of the child involved." *Rogowski v. Kirven*, 291 A.3d 50,

61 (Pa. Super. 2023) (quotation marks and citation omitted). "This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child." *M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa. Super. 2013) (citation omitted). "[E]ach parent shares the burden of proving, by a preponderance of the evidence, that an award of custody to him or her would serve the best interests of the [c]hild." *White*, 296 A.3d at 1215 (quotation marks and citation omitted).

Pursuant to the Child Custody Act, a custodial party seeking to relocate a child's residence must first provide notice to the other custodial party or parties. 23 Pa.C.S. § 5337(c). If a party objects to the relocation, the court must hold a hearing and consider whether relocation is warranted under the statutory relocation factors, giving "weighted consideration to those factors which affect the safety of the child." *Id.* § 5337(g), (h). The factors include:

> (1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.
>
> (2) The age, developmental stage, needs of the child and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child.
>
> (3) The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4) The child's preference, taking into consideration the age and maturity of the child.

(5) Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6) Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7) Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8) The reasons and motivation of each party for seeking or opposing the relocation.

(9) The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10) Any other factor affecting the best interest of the child.

*Id.* § 5337(h).

"If the proposed relocation will result in a change in custody, the court must also consider the custody factors in Section 5328(a)." *S.S. v. K.F.*, 189 A.3d 1093, 1098 (Pa. Super. 2018). At the time of the trial court's decision on the relocation petition, the Child Custody Act set forth nineteen factors that a court must consider prior to modifying an existing custody order. *See* 23 Pa.C.S. § 5328(a).[2] "All of the best interest factors … are required to be

_____

[2] The General Assembly has since amended the section 5328(a) custody factors. *See* 23 Pa.C.S. § 5328 (Act of June 30, 2025, P.L. 18, No. 11, § 1, effective Aug. 29, 2025).

- 7 -

considered by the trial court when entering a custody order." ***D.Q. v. K.K.***, 241 A.3d 1112, 1118 (Pa. Super. 2020) (citation and brackets omitted). While a court's consideration of these factors is mandatory, "it is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." ***See E.B. v. D.B.***, 209 A.3d 451, 460 (Pa. Super. 2019) (citation omitted). The court, however, "should avoid dissociating the issue of primary custody from the issue of relocation, and should instead decide the two issues together under a single umbrella of best interests of the children." ***S.S.***, 189 A.3d at 1098 (quotation marks and citation omitted).

The custody factors at issue included:

(1) Which party is more likely to ensure the safety of the child.

(2) The present and past abuse committed by a party or member of the party's household, which may include past or current protection from abuse or sexual violence protection orders where there has been a finding of abuse.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(2.2) Violent or assaultive behavior committed by a party.

(2.3) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party if contact is consistent with the safety needs of the child.
(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life, except if changes are necessary to protect the safety of the child or a party.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's developmental stage, maturity and judgment.

(8) The attempts of a party to turn the child against the other party, except in cases of abuse where reasonable safety measures are necessary to protect the safety of the child.  A party's reasonable concerns for the safety of the child and the party's reasonable efforts to protect the child shall not be considered attempts to turn the child against the other party. A child's deficient or negative relationship with a party shall not be presumed to be caused by the other party.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another.  A party's effort to protect a child or self from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a) (effective Aug. 13, 2024 to Aug. 28, 2025). The trial court must give "substantial weighted consideration to the factors specified under paragraphs (1), (2), (2.1) and (2.2) which affect the safety of the child." *Id.*

In response to the argument Haleh raised on appeal, the trial court explained:

> [C]ontrary to [Haleh]'s argument, the appropriate legal standard was applied, and this court's decision is supported by the evidence [of record]. The court analyzed this issue considering both the relocation factors under 23 Pa.C.S.[] § 5337(h), as well as the custody factors under [23 Pa.C.S. § 5328(a)]. Each factor is addressed completely, and each includes discussions of evidence presented at the hearing. The court reiterated several times in its opinion that relocation was not in the best interest[] of the child. This determination was based on the evidence presented at the hearing. [Haleh], as the proponent of the relocation, presented evidence of purported benefits that relocation would afford the child.
>
> That this court did not find such evidence "compelling," is merely one component of this analysis—ultimately, none of the evidence presented gave this court any persuasive reason why relocation would serve the best interest of the child. The court's use of the term "compelling" is merely to say that none of the evidence presented was strong enough to indicate that relocation was in the child's best interests—the court did not substitute the legal standard, rather, the lack of "compelling" evidence or testimony of the benefits of relocation led the court to determine that relocation would not be in the child's best interest.

Trial Court Opinion, 8/7/2025, at 2 (unnecessary capitalization omitted).

Based upon our review of the opinion the trial court issued following the hearing on Haleh's relocation petition, as well as the evidence of record, we conclude that the trial court applied the appropriate "best interests of the

- 10 -

child" standard in making its decision to deny relocation. While the trial court stated that there was no "compelling" reason or argument to support relocation, the trial court repeatedly and frequently discussed the "best interests of the child" when it was evaluating each of the relocation and custody factors. *See* Trial Court Opinion, 7/2/2025, at 3-14 (unnumbered). As nothing in the record supports Haleh's claim that the trial court applied an incorrect standard in issuing its relocation decision, this argument does not entitle her to relief.

Additionally, to the extent Haleh argues that she met her burden of proving, by a preponderance of the evidence, that relocation would be in the L.G.J.'s best interest, she did not preserve any such argument in her Rule 1925(b) statement, as the issue she raised solely addresses the standard the trial court applied in reaching its relocation decision. *See* Rule 1925(b) Statement, 7/31/2025, ¶ 1; *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement … are waived."); Anna's Brief at 18-19. Indeed, because she failed to raise this claim, the trial court did not address any of the relocation or custody factors in its Rule 1925(a) opinion.[3] *See* Trial Court Opinion, 8/7/2025, at 2.

Even if Haleh had preserved this argument for review, she would not be entitled to relief, as she fails to challenge any particular aspect of the trial

_____

[3] We note that Anna has also argued that Haleh's has failed to preserve this argument for review. *See* Anna's Brief at 18-19.

court's decision or make any claim that its assessment of any of the relocation or custody factors is not supported by the evidence presented at trial. *See* Haleh's Brief at 18-19. Instead, Haleh asks us to reevaluate the relocation and custody factors and reach a different conclusion, i.e., that relocation is in L.G.J.'s best interests. *See id.* This Court, however, is bound by the findings of the trial court that are supported by competent evidence of record and we may not reweigh evidence. *See White*, 296 A.3d at 1213.

In its original order and opinion denying relocation, the trial court acknowledged that Haleh received substantial financial, emotional, and physical support from her parents, and further recognized that Anna had longstanding ties and relationships with people in Chester County and that her mother assisted her with L.G.J.'s care. *See* Trial Court Opinion, 7/2/2025, at 3-4 (unnumbered). The court explained that while moving to Massachusetts would provide L.G.J. with several benefits and opportunities, including various forms of support from Haleh's family, those very same benefits and opportunities were not exclusive to Massachusetts and remain available to her in Chester County, as Anna and her support system reside there. It noted Haleh's parents' testimony that they were willing to support her no matter where she resided, and visit Chester County several weeks out of the month if necessary. *Id.* at 6; *see also* N.T., 6/9/2025, at 112-14. The trial court was particularly persuaded by the effect relocation would have on the relationship between Anna and L.G.J. *See* Trial Court Opinion, 7/2/2025, at

5, 7 (unnumbered).  The court found credible the testimony that L.G.J. struggles to adjust when she is separated from Anna and, particularly, when Haleh has taken her on extended visits to Massachusetts.  Moreover, it would be impossible to maintain the current custody arrangement with Anna if the court granted relocation, as Anna has custody of the child for several hours per day, five days per week, and Haleh would be moving the child approximately six hours away.  *See id.*; *see also* N.T., 6/10/2025, 34, 61-62, 66-67.

Regarding the custody factors, the trial court explained that both parties were capable and present parents for L.G.J., that they both had good relationships with the child, that they both have flexibility in their work schedules, and that neither spoke about the other in a disparaging manner.  Trial Court Opinion, 7/2/2025, at 9-11, 13-14 (unnumbered).  The court also noted that L.G.J. has developmental disabilities that require an individualized education plan ("IEP") at her school and that both parties have a history of mental health struggles and alcohol abuse.  *Id.* at 4, 12-13.  Although Anna's struggle with alcoholism is more recent than Haleh's, the trial court emphasized, and the record reflects, that Anna has acknowledged her problem, has attended and completed inpatient treatment for her alcoholism, and continues to undergo treatment for both her mental health and alcohol-related issues.  *See id.*; *see also* N.T., 6/10/2025, at 12-24.  In fact, Anna testified that she has been sober since September 2024 and has never failed

a urine or hair follicle test since beginning treatment. N.T., 6/10/2025, at 18-22, Exs. P-2, 5.

Ultimately, because both Haleh and Anna are capable parents, and neither location presented a clear advantage to L.B.J., the court determined relocation was not in the child's best interests, as it would present too much of a disruption for L.B.J.:

> The court acknowledges that Haleh has a loving and supportive family in Massachusetts, and they can provide a supportive conflict-free environment to help her raise L.G.J. While Haleh has been the primary caretaker, that does not equate to Anna not being unable [sic] to be a loving and supportive parent to their Child. Witnesses for both parties testified that both women are wonderful, loving, and great mothers. Family dynamics change greatly over time, and since the separation and pending dissolution of the parties marriage, both parties, as well as the child, have had to adjust. This court opines that relocation is not in the child's best interest. The child has had to adapt to having two new siblings and the separation of her parents, which entailed new parenting schedules. Moreover, although children are resilient, and although this child by all accounts is bright, capable and loving[,] there was testimony regarding the child's IEP and the adjustments and accommodations at school. A relocation would be yet another adjustment that this child would need to navigate when there have been several changes within a short period that she has had to adjust to.

Trial Court Opinion, 7/2/2025, at 5, 13-14 (unnumbered).

Based on the foregoing, including our review of the trial court's opinions and the evidence of record, we discern no error in the trial court's findings or conclusions, and no abuse of discretion in the trial court's application of the facts to the factors enumerated in sections 5328(a) or 5337(h). Accordingly,

Haleh's first claim that the trial court erred in denying her petition to relocate fails.

In her second issue, Haleh argues that trial court erred in failing to enter an order requiring the parties to attend coparent counseling. Haleh's Brief at 5. Haleh, however, has provided no argument whatsoever in support of this claim and appears to have completely abandoned the issue on appeal. "It is beyond cavil that, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **B.S.G. v. D.M.C.**, 255 A.3d 528, 535 (Pa. Super. 2021). Haleh has therefore waived her second and final issue on appeal.[4]

As Haleh has not presented any issues that entitle her to relief, we affirm the order denying her petition for relocation.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025

---

[4] The trial courted noted in its Rule 1925(a) opinion that it has since entered an order directing the parties to engage in co-parenting classes. Trial Court Opinion, 8/7/2025, at 3.